<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
JOHN C. MARTOCCI,                           :
                                            :
      Plaintiff,                             :         Civil Action No. 16-132 (ES)
                                            :
v.                                          :
                                            :         OPINION
JAMES F. HYMAN, et al.,                     :
                                            :
      Defendants.                            :
_____:

**ESTHER SALAS, U.S.D.J.**

**I.    INTRODUCTION**

Plaintiff is a state inmate currently being housed at Harbor House, a halfway house in Newark, New Jersey ("Harbor House"). He filed a civil rights complaint pursuant to 42 U.S.C. § 1983 on January 1, 2016. (D.E. No. 1, Complaint ("Compl.")).

At this time, this Court must screen the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted or because it seeks monetary relief from a defendant who is immune from suit. For the following reasons, the Complaint will be dismissed without prejudice for failure to state a claim upon which relief may be granted.

**II.    BACKGROUND**

A Final Assessment Report ("FAR") is prepared on behalf of all state inmates in New Jersey upon transfer from a prison to an assessment center such as Talbot House. At the assessment center, a prisoner is classified and sent to a particular halfway house. (*Id*. at 16). The FAR is a "critical tool" in deciding whether a qualified inmate is given work-release or treatment, and if

treatment, whether moderate or intense. (*Id*.). Here, Plaintiff alleges that after he was sent to Talbot House for an assessment and to receive an FAR, Defendants at Talbot House misstated Plaintiff's prior criminal history as "violent" and misreported an "extensive history of domestic violence" on his FAR. (*Id*. at 17). Based on these errors, Plaintiff was then sent to Harbor House, where he currently resides, and learned he was classified as requiring "moderate treatment," as opposed to the work release that he wanted. (*Id*.) Plaintiff proceeded to contact all named Defendants in an attempt to correct this allegedly mistaken classification, but to no avail. Plaintiff then filed the instant Complaint seeking damages and a change in classification to work release. (*Id*. at 24). Plaintiff also filed a motion for temporary restraining order moving him from Harbor House. (D.E. No. 5).

### III.  STANDARD OF REVIEW

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States, and second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See Harvey v.*

*Plains Twp. Police Dep't*, 635 F.3d 606, 609 (3d Cir. 2011) (citations omitted); *see also West v. Atkins*, 487 U.S. 42, 48 (1988).

Under the Prison Litigation Reform Act, Pub.L. 104–134, §§ 801–810, 110 Stat. 1321–66 to 1321–77 (Apr. 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding in forma pauperis, *see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 42 U.S.C. § 1997e. The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

"The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 42 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)). That standard is set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), as explicated by the United States Court of Appeals for the Third Circuit.

To survive the court's screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d

303, 308 n.3 (3d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

Pro se pleadings, as always, will be liberally construed. *See Haines v. Kerner*, 404 U.S. 519 (1972). Nevertheless, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

## IV. DISCUSSION

### A. Plaintiff has no liberty interest in his classification status

In order for Plaintiff's Complaint to proceed, Plaintiff must first plead sufficient facts to state a claim that he has a cognizable liberty interest in his FAR classification, either created by the Due Process Clause of the Fourteenth Amendment, or by the state of New Jersey. *See Sandin v. Conner*, 515 U.S. 472, 483-484 (1995).

First, liberty interests may arise under the Due Process Clause itself, but "the Due Process Clause does not protect every change in the conditions of confinement having a substantial adverse impact on the prisoner." *Id*. at 478. "As long as the conditions or degree of confinement to which the prisoner is subjected is within the sentence imposed upon him and is not otherwise violative of the Constitution, the Due Process Clause does not in itself subject an inmate's treatment by prison authorities to judicial oversight." *Montanye v. Haymes*, 427 U.S. 236, 242 (1976). Thus, it is well-established that a convicted inmate, such as Plaintiff, has no liberty interest arising by force of the Due Process Clause itself in retaining a certain classification during the term of his sentence. *See Burton v. Brown*, No. 05-2643, 2005 WL 2175455, at *3 (D.N.J. Sept. 7, 2005) (citing *Asquith v. Dep't of Corrections*, 186 F.3d 407, 411 (3d Cir. 1999)).

Second, although mandatory language in a state law or regulation may create a protected liberty interest, New Jersey has not created such a liberty interest in retaining certain classifications. *See Asguith*, 186 F.3d at 412. In general, state-created liberty interests are "limited to freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 512 U.S. at 484. For this reason, even a classification resulting from a miscalculation, so long as it occurs during the term of the inmate's sentence, does not deprive Plaintiff of a protected right. *See Powell v. Weiss*, 757 F.3d 338, 345-46 (3d Cir. 2014) (holding no violation of Due Process when an inmate's prerelease status was changed thus making him ineligible for home furloughs). In short, prisoners have no inherent constitutional right to placement in any particular prison, to any security classification, or to any particular housing assignment. *Kelly v. Merrill*, No. 14-2322, 2014 WL 7740025, at *8 (M.D. Pa. Dec. 11, 2014) (citing *Olim v. Wakinekona*, 461 U.S. 238, 245 (1983); *Meachum v. Fano*, 427 U.S. 215, 225 (1976)).

Therefore, because Plaintiff has neither a liberty interest arising from the Due Process clause itself, nor a liberty interest created by New Jersey law in his classification status while serving a lawfully imposed sentence, Plaintiff's Complaint is dismissed without prejudice for failure to state a claim upon which relief may be granted.

    **B.**    **Plaintiff's Motion for a Temporary Restraining Order**

On February 3, 2016, Plaintiff filed a motion for a Temporary Restraining Order ("TRO") against named Defendant Hyman. (D.E. No. 5). Plaintiff seeks a TRO to protect him from a potential transfer either back to a prison or to another halfway house while Plaintiff's Complaint is pending before the Court. (*Id*. at 1-2). Because Plaintiff's Complaint is dismissed in full for

failure to state a claim upon which relief may be granted, Plaintiff's subsequent motion for a TRO is denied at moot.[1]

### C. Leave to Amend

Plaintiff submitted to the Court, with his motion for a TRO, an affidavit. (D.E. No. 5-1). In this affidavit, Plaintiff alleges that certain Defendants kept Plaintiff from using the "computer/education room" at Harbor House and "turn[ed] off Lexis Nexis," both in order to hinder Plaintiff's efforts to engage in litigation. (*Id*. at 2). Because of this, the Court grants leave for Plaintiff to amend his complaint in order to, if he so wishes, plead factual matter so as to pursue a claim against certain Defendants that Plaintiff was unconstitutionally denied access to the courts. Prisoners have a right of access to the courts, but a violation of this right is only established where the prisoner shows that he was actually injured, that is, that he was actually hindered in his efforts to pursue a legal claim. *See Jordan v. Cicchi*, 617 F. App'x 153, 157 (3d Cir. 2015) (citing *Lewis v. Casey*, 518 U.S. 343 (1996)).

### V. CONCLUSION

For the foregoing reasons, Plaintiff's Complaint is dismissed without prejudice, Plaintiff's motion for a TRO is denied as moot, and Plaintiff is granted leave to amend the Complaint. An appropriate order will follow.

*s/Esther Salas*
**Esther Salas, U.S.D.J.**

---

[1] Additionally, as stated in above, Plaintiff has no liberty interest in his place of confinement, thus providing an alternative method by which to deny Plaintiff's motion for a TRO. *See Olim,* 461 U.S. at 245; *Asguith*, 186 F.3d at 412.