**Not for Publication**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHN C. MARTOCCI, | |
| Plaintiff, | Civil Action No. 16-132 (ES) (MAH) |
| v. | |
| JAMES F. HYMAN, et al., | MEMORANDUM OPINION |
| Defendants. | |

**SALAS, DISTRICT JUDGE**

This matter is before the Court upon Defendants' motion to vacate entry of default. (D.E. No. 31). Plaintiff opposes Defendants' motion. (D.E. Nos. 33 & 35). Having reviewed the parties' submissions in support of and in opposition to the pending motion, the Court decides this matter without oral argument. *See* Fed. R. Civ. P. 78(b). For the reasons below, the Court GRANTS Defendants' motion.

**1.    Factual & Procedural Background.** Because the Court writes for the parties, it assumes familiarity with the facts and does not recount them in detail except as necessary for this motion. Plaintiff is a former resident of the Talbot Hall Assessment Center. (D.E. No. 22, Amended Complaint ("AC") at 8). While there, Defendant R. Wickham, the Acting Director of Assessment, authored a Final Assessment Report ("FAR") that resulted in an allegedly faulty classification by the New Jersey Department of Corrections ("NJDOC"). (*Id.* at 6). Plaintiff thereafter "addressed his challenges to the faulty FAR" with multiple defendants to no avail. (*Id.* at 8). As a consequence of expressing his challenges to the FAR, Plaintiff "was kept from the law computer." (*Id.*).

On August 19, 2015, Plaintiff was transferred to Harbor House, an NJDOC halfway house located in Newark. (*Id.*). Upon being interviewed by his primary clinical counselor, he was told that he "would be given certain 'specialty groups'" pursuant to his allegedly faulty FAR. (*Id.*). Plaintiff contacted a number of Defendants "asking for their assistance in correcting the faulty FAR," but they "[a]ll chose to ignore the correspondences forwarded to them." (*Id.* at 10). As a result, Plaintiff "concentrated his attention to the legal avenues available to him," namely, filing a § 1983 claim in this District. (*Id.* at 11). Upon realizing that Plaintiff wanted to file a claim, however, the Harbor House staff became concerned and restricted Plaintiff's computer usage. (*Id.*). He notes that although he once enjoyed unfettered access to law computers, that access was now "diminished, and at times denied" to him. (*Id.*). Indeed, the "law computer at times became inoperable, and the [Lexis] Nexis program [Plaintiff] was using to research his matter[] was disconnected[] or not available for weeks at a time." (*Id.*).

On January 7, 2016, Plaintiff filed his initial complaint in this Court. (D.E. No. 1). On May 25, 2016, the Court dismissed Plaintiff's complaint without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B), 1915A. (D.E. No. 13 at 1). Plaintiff filed an Amended Complaint on August 22, 2016, alleging denial of access to courts and harassment in retaliation of exercising his constitutional right to challenge the FAR. (*See* AC). On December 8, 2016, Plaintiff moved for an entry of default pursuant to Federal Rule of Civil Procedure 55. (D.E. No. 29). The Clerk of the Court entered default the following day. On December 28, 2016, Defendants filed the instant motion to vacate entry of default. (D.E. No. 31-3, ("Def. Mov. Br.")). In opposition to Defendants' motion, Plaintiff submitted a letter on January 10, 2017 (*see* D.E. No. 33), and a letter brief on February 6, 2017 (*see* D.E. No. 35, ("Pl. Opp. Br."))[1].

---

[1] Although Defendants object to Plaintiff's untimely opposition (*see* D.E. No. 36), the Court will nevertheless consider Plaintiff's arguments because it "liberally construes documents filed by pro se plaintiffs, and

**2.   Defendants' Arguments.** Citing Federal Rule of Civil Procedure 55, Defendants argue that the Court should vacate entry of default because Defendants' failure to answer or otherwise respond to the complaint was not due to any neglect on the part of Defendants. (Def. Mov. Br. at 1). Rather, they argue that the reason they did not timely respond was "the result [of] inadvertence by counsel." (*Id.*). Moreover, Defendants argue that the Court should vacate entry of default as they have meritorious defenses. (*Id.* at 3-4). Specifically, they note that Plaintiff alleges that he was deprived of access to courts, but "there is nothing in the corporate records which indicate [Plaintiff] requested anything in the way of access for legal research that was denied." (*Id.* at 4). This defense, according to Defendants, "would be a complete defense to [Plaintiff's] claim." (*Id.*). Finally, Defendants argue that vacating the entry of default will not prejudice Plaintiff because (i) the case is at an early stage; (ii) there is no evidence which has been lost or increased potential for fraud; and (iii) there is no evidence of substantial reliance on the entry of default. (*Id.* at 5).

**3.   Plaintiff's Opposition.** In opposition, Plaintiff correctly notes that the Court has not entered a default judgment against Defendants. (D.E. No. 33 at 1). So, he argues that Defendants' motion is "premature, untimely, and not pursuant to the Federal Rules of Civil Procedure." (*Id.*). Plaintiff also asks the Court to first enter default judgment against the Defendants, and only then allow the Defendants' to proceed with their current motion. (*Id.* at 2).

Plaintiff further contends that he "is in receipt of a multitude of documents, papers, etc. that definitively support that [Defendants] seized two (2) computer flash drives," knowing that those flash drives contain Plaintiff's legal work. (Pl. Opp. Br. at 3) (emphasis omitted). He argues that he "has been, and continues to be severely prejudiced by [Defendants'] actions," as

---

holds such plaintiffs to less stringent standards than lawyers." *Abulkhair v. U.S. Postal Serv.*, No. 13-7796, 2015 WL 10937033, at *1 (D.N.J. Feb. 19, 2015); *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (stating that "[a] document filed *pro se* is to be liberally construed").

3

Defendants "are still in receipt of all of [Plaintiff's] legal work product. (*Id.*) (emphasis omitted). He also avers that Defendants "have no litigable defense in this matter." (*Id.* at 4). According to Plaintiff, Defendants' failure to respond is a calculated delay tactic "in the hopes of dissuading unversed and untrained in the law plaintiffs, from moving their matters forward." (*Id.* at 5). Finally, in the event that the Court grants Defendants' motion, Plaintiff requests that the Court impose sanctions against the Defendants to compensate for the delay. (*Id.* at 5-6).

    **4.**    **Legal Standard.** Motions to vacate entry of default are governed by Federal Rule of Civil Procedure 55. *See* Fed. R. Civ. P. 55(c). Rule 55(c) provides that "[t]he [C]ourt may set aside an entry of default for good cause." *Id.* Although the decision to vacate entry of default is largely a matter of judicial discretion, the Third Circuit has "repeatedly stated [its] preference that cases be disposed of on the merits whenever practicable." *Hritz v. Woma Corp.*, 732 F.2d 1178, 1181 (3d Cir. 1984).[2]

When determining whether to vacate an entry of default, the Court must consider three factors: "(1) whether the plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense; (3) whether the default was the result of the defendant's culpable conduct." *United States v. $55,518.05 in U.S. Currency,* 728 F.2d 192, 195 (3d Cir. 1984). Where there is a close case, the Third Circuit has instructed that "doubts should be resolved in favor of setting aside the default and reaching a decision on the merits." *Gross v. Stereo Component Sys., Inc.*, 700 F.2d 120, 122 (3d Cir. 1983).

    **5.**    **Rule 55(c) Warrants Vacatur.**

    a.    *First*, the Court must consider the "threshold question" of whether Defendants have a meritorious or litigable defense. *$55,518.05 in U.S. Currency*, 728 F.2d at 195. "[T]he defaulting party does not have to show that they will prevail at trial; rather, all they must show is

---

[2]    Unless otherwise indicated, all internal citations and quotations marks are omitted, and all emphasis is added.

4

that, on its face, their defense is *litigable*." *Glashofer v. N.J. Mfrs. Ins. Co.*, No. 15-3601, 2016 WL 4204549, at *3 (D.N.J. Aug. 9, 2016). Here, Plaintiff alleges that he was deprived of access to the courts. (AC at 11-17). Defendants counter, however, that they have a meritorious or litigable defense as "[t]here is nothing in the corporate records which indicate [Plaintiff] requested anything in the way of access for legal research that was denied." (Def. Mov. Br. at 4). They further argue that this defense, "if established at trial, would be a complete defense to the plaintiff's claim." (*Id.*). And the law is clear: "The showing of a meritorious defense is accomplished when allegations of [a] defendant's answer, if established on trial, would constitute a complete defense to the action." *$55,518.05 in U.S. Currency,* 728 F.2d at 195. Although Plaintiff contends that Defendants "have no litigable defense" (Pl. Opp. Br. at 4), the Court notes that the Third Circuit has "repeatedly stated [its] preference that cases be disposed of on the merits whenever practicable." *Hritz*, 732 F.2d at 1181. Accordingly, this factor weighs in favor of vacating the entry of default.

        b.    *Second*, the Court must consider whether Plaintiff will be prejudiced. *$55,518.05 in U.S. Currency*, 728 F.2d at 195. To determine prejudice to a plaintiff, courts consider whether there is (i) a loss of evidence; (ii) an increased potential for fraud; and (iii) evidence of substantial reliance on the entry of default. *Feliciano v. Reliant Tooling Co.*, 691 F.2d 653, 656-57 (3d Cir. 1982). Here, the case is at an early stage: the initial complaint was filed on January 7, 2016 (D.E. No. 1), and the Amended Complaint was filed on August 22, 2016 (AC). So, the likelihood of prejudice to Plaintiff from loss of evidence is low. And while Plaintiff argues that he is severely prejudiced because Defendants continue to have custody of his legal work product (Pl. Opp. Br. at 5), Defendants note that there is no reason for this Court to infer that any evidence has been lost or that there is increased potential for fraud (Def. Mov. Br.

at 5). Finally, as Defendants point out, there is no evidence that Plaintiff has substantially relied on the entry of default. (*See id.*). The Court notes Plaintiff's allegation that he "has incurred additional expenses due solely to [Defendants'] failure to file a timely answer" (Pl. Opp. Br. at 6), but the Third Circuit has advised that "costs associated with continued litigation normally cannot constitute prejudice." *Sourcecorp Inc. v. Croney*, 412 F. App'x 455, 459-60 (3d Cir. 2011). Accordingly, the Court finds that Plaintiff will not be sufficiently prejudiced, and this factor also weighs in favor of vacating the entry of default.

      c.     *Third*, the Court must consider whether the entry of default was the result of Defendants' culpable conduct. *$55,518.05 in U.S. Currency,* 728 F.2d at 195. "In assessing whether the entry of default was caused by a defendant's culpable conduct, the courts look at factors such as whether the entry was caused by defendant or defendant's attorney and whether the defendant responded to the entry with reasonable promptness." *Perry v. Burns*, No. 11-2840, 2013 WL 1285302, at *7 (D.N.J. Mar. 26, 2013). Here, Defendants' counsel certified that (i) Defendants hired him on November 3, 2016; (ii) the Answer was due on November 16, 2016; and (iii) the failure to promptly respond to the Complaint was due to his inadvertent error. (*See* D.E. No. 31-2, Certification of Counsel ¶¶ 3-4) ("Because of the long narrative format of the Complaint and the difficulty in understanding it, an extensive investigation was necessary in order to determine how to respond to the Complaint. During this investigation, I inadvertently allowed the deadline to pass for answering."). And Defendants responded to the entry of default with reasonable promptness: the Clerk of the Court entered default on December 9, 2016, and the Defendants moved to vacate the entry on December 28, 2016. The Court is unpersuaded by Plaintiff's unsupported contention that Defendants avoided compliance as a delay tactic to dissuade Plaintiff from pursuing his case. (*See* Pl. Opp. Br. at 5; D.E. No. 33 at 2). But even if

6

that were true, the Third Circuit has instructed that "doubts should be resolved in favor of setting aside the default and reaching a decision on the merits." *Gross*, 700 F.2d at 122. So, the Court finds that the final factor also weighs in favor of vacating the entry of default.

6.      **Conclusion.**   For the reasons above, the Court believes that Defendants have demonstrated the existence of a meritorious defense, that the entry of default was not due to their culpable conduct, and the lack of prejudice to Plaintiff. The Rule 55(c) analysis, therefore, weighs in favor of vacating the entry of default. Accordingly, the Court will vacate the December 9, 2016 entry of default, and this action may proceed on the merits. Further, the Court declines Plaintiff's request to impose monetary sanctions on Defendants. An appropriate Order accompanies this Memorandum Opinion.

*s/Esther Salas*
**Esther Salas, U.S.D.J.**