**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **JOHN C. MARTOCCI,** | |
| Plaintiff, | Civil Action No. 16-0132 (ES) (MAH) |
| v. | |
| | OPINION |
| **JAMES HYMAN, et al.,** | |
| Defendants. | |

**SALAS, DISTRICT JUDGE**

*Pro se* Plaintiff, John C. Martocci, was a state inmate housed at Harbor House, a halfway house in Newark, New Jersey, when he commenced this action. He is proceeding *pro se* and *in forma pauperis* with a civil-rights complaint under 42 U.S.C. § 1983.

Presently before the Court is a motion by Defendants Marcus Hicks, Christopher Ilg, and Ms. Broker (collectively, "the DOC Defendants") to dismiss Plaintiff's Amended Complaint under Federal Rule of Civil Procedure 12(b)(6). (D.E. No. 58). Having reviewed the parties' submissions in support of and in opposition to the instant motion (D.E. Nos. 58, 61 & 62), the Court decides this matter without oral argument. *See* Fed. R. Civ. P. 78(b). For the reasons below, the Court GRANTS-in-part the DOC Defendants' motion and DISMISSES Plaintiff's claim for denial of access to the courts and otherwise reserves judgment to permit supplemental briefing.

**I.   BACKGROUND**

**A. The Action's Commencement**

Plaintiff commenced this action on January 7, 2016, with a Complaint against various individual employees of Harbor House and a facility known as Talbot Hall Assessment Center ("Talbot Hall"). (D.E. No. 1 ("Compl.")). He contended that Talbot Hall employees, while

preparing a final assessment report ("FAR"), had failed to correct erroneous remarks indicating that Plaintiff had a record of violent crime and history of domestic violence. (*Id.* ¶¶ 4–6). Plaintiff alleged that this erroneous FAR caused him to be sent to a "treatment" halfway house instead of a more desirable "work-release" halfway house. (*Id.* ¶ 6). The Complaint also listed as Defendants three employees or officers of the New Jersey Department of Corrections ("DOC"): Commissioner Gary M. Lanigan, Deputy Commissioner Darcella Sessomes, and Office of Community Release Director Marcus O. Hicks, alleging that each had failed to respond to or address Plaintiff's repeated complaints concerning the erroneous FAR. (*Id.* ¶¶ 4–6).

### B. Dismissal Upon Screening

On May 24, 2016, this Court, upon a screening review under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, found that the Complaint failed to state a claim upon which relief could be granted and dismissed it without prejudice. (*See* D.E. No. 12, Opinion ("Op."); D.E. No. 13, Order). The Court premised this dismissal on Plaintiff's "failure to state a claim that he has a cognizable liberty interest in his FAR classification, either created by the Due Process Clause of the Fourteenth Amendment, or by the state of New Jersey." (Op. at 4). The Court noted that an erroneous misclassification affecting an inmate's conditions of confinement could not result in a rights violation of a person still subject to a valid order of incarceration. (*Id.* at 4–5).

### C. The Amended Complaint

Plaintiff filed an Amended Complaint on August 22, 2016. (D.E. No. 22 ("Am. Compl.")). The Amended Complaint still discusses the alleged FAR misclassification, but also asserts new claims and impleads new defendants. (*See generally id.*). Specifically, the Court reads the

Amended Complaint as asserting claims under 42 U.S.C. § 1983 for denial of access to the courts and for retaliation.[1] (*See id.* at 8, 11–23).

In support of these claims, Plaintiff alleges that, when Harbor House staff became aware that he was planning to commence an action in this Court, they took steps to make filing more difficult and otherwise punished Plaintiff for his efforts to assert legal claims regarding his FAR classification. (*Id.* at 11–20). Among other acts, Plaintiff alleges that the Harbor House Defendants restricted his access to the law computer while still permitting other residents to use it freely, left the facility's Lexis Nexis account inoperable for long periods, and refused to notarize documents for Plaintiff without first reviewing their substance. (*See id.* at 11–13). Plaintiff alleges that after he commenced this action the Harbor House Defendants escalated their retaliatory behavior by confiscating flash drives containing Plaintiff's legal documents, opening his legal mail, and bringing false disciplinary charges against him. (*See id.* at 13–20).

Plaintiff contends that these acts, particularly the confiscation of the flash drives with his legal documents, prevented him from filing an appeal of the Court's dismissal of his original Complaint in this action, hindered his ability to prepare an Amended Complaint, and also caused him to abandon a legal matter before the Superior Court, Monmouth County, Chancery Division, Family Part. (*Id.* at 14–15). Plaintiff further alleges that the Harbor House Defendants "intentionally, and in a retaliatory and harassing manner, orchestrated a scenario that resulted in the plaintiff missing two scheduled appearances in the Monmouth County matter." (*Id.* at 15).

---

[1] Longstanding precedent mandates liberal construction of *pro se* pleadings. *See Haines v. Kerner,* 404 U.S. 519, 520 (1972) (per curiam). While the Amended Complaint contains section headings for "Access to the Courts" and "Retaliation/Harassment," the Plaintiff has not so rigidly compartmentalized his allegations. (*See* Am. Compl.). Accordingly, the Court reads the Amended Complaint as an undivided whole and considers how Plaintiff's cumulative factual allegations support the legal theories he advances.

The Amended Complaint again impleads Defendant Hicks, but Commissioner Lanigan and Deputy Commissioner Sessomes are replaced as defendants by Christopher Ilg, Deputy Director of the Office of Community Programs, and Ms. Broker, Supervisor of the DOC Contract Monitoring Unit. (*Id.* at 1, 4–5). Plaintiff alleges that he notified each of the DOC Defendants regarding the actions of Harbor House staff, but that they failed to take action in response. (*Id.* at 4–5, 18–19, 23). Plaintiff urges that he contacted Defendant Hicks on "numerous occasions" regarding his concerns, but that Hicks ignored these communications. (*Id.* at 4, 18). Plaintiff recounts that he twice met with Defendant Ilg, but that, while Ilg assured Plaintiff he would investigate and address Plaintiff's concerns, he never actually did so. (*Id.* at 5, 19). Plaintiff also explains that he met with Defendant Broker two times, but that she similarly failed to take corrective action.[2] (*Id.* at 5, 18).

**D. Responsive Pleading and Discovery**

All Defendants other than the DOC Defendants filed an Answer to the Amended Complaint on February 13, 2017.[3] (D.E. No. 39, Answer). Those Defendants and Plaintiff have since been engaged in discovery under the orders of Magistrate Judge Michael A. Hammer. (*See* D.E. Nos. 45, 60 & 66).

**II. LEGAL STANDARDS AND ANALYSIS**

The DOC Defendants now move to dismiss the Amended Complaint as against them for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). (D.E. No. 58, Motion to Dismiss). They argue that Plaintiff fails to plead a claim for denial of access to the courts as he

---

[2] Plaintiff includes similar allegations against Community Education Centers and its Chief Executive Officer, James Hyman, as well as Education and Health Centers of America and its Chief Operating and Clinical Officer, Robert Mackey.

[3] It appears that the DOC Defendants were not in fact properly served with the Amended Complaint until April 2017. (*See* D.E. Nos. 46, 48, 53 & 55).

cannot show that he suffered an actual injury. (D.E. No. 58-1 ("Mov. Br.") at 7–10). Plaintiff, in opposition, urges that he has shown numerous actual injuries. (*See* D.E. No. 61 ("Opp.")).

**A. Legal Standards**

The standard of review on a motion to dismiss for failure to state a claim under Rule 12(b)(6) is set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). To survive such a motion, the complaint must allege "sufficient factual matter to show that the claim is facially plausible." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (internal quotation marks omitted); *see also Iqbal*, 556 U.S. at 678–79; *Twombly*, 550 U.S. at 555–56. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678; *see also Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

*Pro se* pleadings, as always, will be liberally construed. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam); *Glunk v. Noone*, 689 F. App'x 137, 139 (3d Cir. 2017) (per curiam). Nevertheless, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

As a general matter, a plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. That section provides,

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action

5

at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and that the alleged deprivation was committed or caused by a person acting under color of state law. *See Harvey v. Plains Twp. Police Dep't*, 635 F.3d 606, 609 (3d Cir. 2011); *see also West v. Atkins*, 487 U.S. 42, 48 (1988).

An inmate has a constitutional right of meaningful access to the courts, which incorporates a right of access to legal reference materials.[4] *Lewis v. Casey*, 518 U.S. 343, 346 (1996); *Bounds v. Smith*, 430 U.S. 817, 821–28 (1977). This right is not, however, "an abstract, freestanding right to a law library or legal assistance." *Lewis*, 518 U.S. at 351; *see also Pallipurath v. N.J. Dep't of Corr.*, 2017 WL 3297456, at *1 (N.J. Super. Ct. App. Div. Aug. 3, 2017). Instead, plaintiffs must show actual resulting injury: "that they lost a chance to pursue a 'nonfrivolous' or 'arguable' underlying claim." *Monroe v. Beard*, 536 F.3d 198, 205 (3d Cir. 2008) (per curiam). To state such a claim, a plaintiff must describe the underlying, predicate claim with sufficient specificity and must identify the lost remedy. *Id.* at 205–06. A plaintiff must further show that there is no

---

[4] The New Jersey Administrative Code also explicitly defines rights of meaningful legal access. N.J. Admin. Code §§ 10A:6-2.1 to -2.16; *see also Taylor v. Hendricks*, No. 04-5864, 2006 WL 2532990, at *3 (D.N.J. Aug. 31, 2006). These statutory rights generally become relevant in judicial review of final agency decisions by the New Jersey Department of Corrections. *See, e.g.*, *Lumumba v. N.J. Dep't of Corr.*, 2017 WL 1244337, at *1–2 (N.J. Super. Ct. App. Div. Apr. 5, 2017; *Garcia v. N.J. Dep't of Corr.*, 2016 WL 3389774, at *1 (N.J. Super. Ct. App. Div. June 21, 2016); *Conley v. N.J. Dep't of Corr.*, 2008 WL 4108052, at *1–2 (N.J. Super. Ct. App. Div. Sept. 8, 2008). This court lacks jurisdiction to conduct a review of Defendants' final agency decisions. *See Thompson v. Union Cty. Div. of Soc. Servs.*, No. 07-4928, 2010 WL 457742, at *2 (D.N.J. Feb. 5, 2010) (citing *Chicago, R.I. & P.R. Co. v. Stude*, 346 U.S. 574, 581 (1954)). Furthermore, to whatever extent Plaintiff may contend that Defendants violated his rights under the New Jersey Administrative Code, as distinct from his constitutional rights, such violations could not form the basis for a § 1983 claim, which must allege a violation of "a right secured by the Constitution and laws of the United States." *West v. Atkins*, 487 U.S. 42, 48 (1988); *see also Thompson*, 2010 WL 457742 at *2 ("Section 1983 imposes liability on state actors for violations of rights protected by the Constitution, not for disagreements with state agency decisions.").

possible remedy for the claimed harm other than through an access-to-the-courts claim. *Christopher v. Harbury*, 536 U.S. 403, 415 (2002); *Monroe*, 536 F.3d at 205–06.

### B. Analysis

The DOC Defendants urge that Plaintiff has failed to adequately plead an underlying claim that their actions prevented him from bringing. (Mov. Br. at 7–8). Even accepting Plaintiff's allegation that he was prevented from appealing this Court's dismissal of his original Complaint and properly drafting an Amended Complaint, the DOC Defendants argue that this could not constitute an actual injury, as Plaintiff in fact filed an Amended Complaint and as Plaintiff's underlying claims regarding the FAR assessment lack legal merit. (*Id.* at 8–10).

The Court agrees with the DOC Defendants that the Amended Complaint fails to state an actual injury for the purposes of an access-to-the-courts claim. Plaintiff focuses most of his Amended Complaint on hurdles that the Harbor House Defendants allegedly erected to deprive Plaintiff of access to his legal documents or research. As noted above, however, such circumstances alone do not create a cause of action. *See Lewis*, 518 U.S. at 351 ("[P]rison law libraries and legal assistance programs are not ends in themselves, but only the means for ensuring 'a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts.'" (quoting *Bounds*, 430 U.S. at 825)). To the extent Plaintiff claims he was deprived of an opportunity to amend or appeal his original claim regarding his allegedly erroneous FAR designation, the Court finds that these are not lost claims as Plaintiff already advanced them and the Court previously dismissed them as non-meritorious. *See Monroe*, 536 F.3d at 205–06 (noting that stating actual injury requires access-to-the-courts plaintiffs to show "that they lost a chance to pursue a 'nonfrivolous' or 'arguable' underlying claim" and that the underlying claim represented "more than mere hope").

In any case, while the alleged acts of the Harbor House Defendants would have made preparing legal arguments more difficult, Plaintiff's filing of the Amended Complaint itself serves as an indication that he maintained a meaningful level of access to the courts. Finally, Plaintiff's allegations that Defendants interfered with his participation in a matter before the Superior Court, Monmouth County, do not include sufficient factual details to plead a claim. *See Iqbal*, 556 U.S. at 678. Plaintiff provides no information as to the nature of that matter and simply states, without explanation, that Defendants prevented him from going to scheduled court dates.

Accordingly, the DOC Defendants' motion will be granted to the extent that it seeks dismissal of Plaintiff's access-to-the-courts claim against them. As this dismissal is premised on Plaintiff's failure to adequately plead a requisite element of an access-to-the-courts claim, permitting the claim to proceed as against the non-moving Defendants would be futile. Accordingly, that claim will be dismissed as against all Defendants. *See Slater v. Skyhawk Transp., Inc.*, 187 F.R.D. 185, 202 (D.N.J. 1999) ("'It is well established that, even if a party does not make a formal motion to dismiss, the court may, *sua sponte*, dismiss the complaint where the inadequacy of the complaint is clear.'" (quoting *Michaels v. New Jersey*, 955 F. Supp. 315, 331 (D.N.J. 1996))); *see also Bryson v. Brand Insulations, Inc.*, 621 F.2d 556, 559 (3d Cir. 1980).

The Amended Complaint, however, also appears to assert a claim for retaliation.[5] Although the DOC Defendants seek dismissal of Plaintiff's Complaint, they have not specifically addressed the retaliation claim. (*See* Br. in Supp.). In the interests of resolving this motion on the

---

[5] An incarcerated plaintiff pleads a claim for retaliation by alleging that "(1) he engaged in constitutionally protected conduct[,] (2) he suffered an adverse action[,] and (3) the constitutionally protected conduct was a substantial or motivating factor for the adverse action." *Brant v. Varano*, No. 16-2696, 2017 WL 5495519, at *2 (3d Cir. Nov. 16, 2017) (internal quotation marks omitted) (finding plaintiff stated retaliation claim where defendant corrections officers allegedly destroyed plaintiff's legal material as retaliation for grievance and known intent to file suit); *see also Rauser v. Horn*, 241 F.3d 330, 333–34 (3d Cir. 2001).

merits, the Court will reserve judgment on dismissal of the retaliation claim and will permit supplemental briefing from the parties on this issue.

## III. CONCLUSION

For the foregoing reasons, the DOC Defendants' motion to dismiss the Amended Complaint (D.E. No. 58) is GRANTED-in-part, and Plaintiff's claim for denial of access to the courts is DISMISSED *without prejudice* as to the DOC Defendants. The Court reserves judgment on the remainder of the DOC Defendants' motion and will permit the parties to submit supplemental briefing on the following schedule: the DOC Defendants shall submit a supplemental brief as to dismissal of Plaintiff's retaliation claim no later than forty-five days after the entry of this Opinion and Order; Plaintiff shall submit any response to the DOC Defendants' supplemental brief within thirty days of the filing of such brief; and the DOC Defendants shall submit any reply to Plaintiff's response within thirty days of the filing of such response.

Furthermore, as this Opinion clearly establishes the substantive legal inadequacy of the claim for denial of access to the courts as pleaded, this claim is DISMISSED *without prejudice*, *sua sponte*, as to all Defendants. An appropriate Order accompanies this Opinion.

*s/Esther Salas*
**Esther Salas, U.S.D.J.**