UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| JOHN C. MARTOCCI, | : | Civil Action No. 16-132 (ES) (MAH) |
| Plaintiff, | : | |
| v. | : | REPORT AND RECOMMENDATION |
| JAMES F. HYMAN, etc., et. al., | : | |
| Defendants. | : | |

This matter comes before the Court on this Court's January 2, 2018 Order to Show Cause why Plaintiff's Complaint should not be dismissed for failure to prosecute pursuant to Federal Rule of Civil Procedure 41.  D.E. 68.  Plaintiff failed to file a response to the Order to Show Cause and appear for a telephone conference held before the Undersigned on March 15, 2018. Pursuant to Federal Rule of Civil Procedure 78, the Undersigned did not hear oral argument and has considered this matter on the papers.  For the reasons below, the Court respectfully recommends that the District Court dismiss Plaintiff's Complaint with prejudice.

### I.    Background

On January 7, 2016, Plaintiff, who was a state inmate at that time, filed the instant Complaint against employees of both Harbor House and the Talbot Hall Assessment Center, seeking a change in his halfway house classification from "moderate treatment" to work release. Complaint, D.E. 1.  Defendants submitted a letter to the Court dated December 28, 2017, D.E. 67, advising the Court that Plaintiff *pro se* has failed to respond to any discovery requests. Plaintiff was required to serve all outstanding written discovery responses by November 20, 2017.  Amended Pretrial Scheduling Order, Oct. 27, 2017, D.E. 66.

Thereafter, this Court directed Plaintiff to show cause in writing by January 24, 2018 why this action should not be dismissed for failure to prosecute pursuant to Federal Rule of Civil Procedure 41 and failure to comply with this Court's Orders. *See* Order to Show Cause, January 2, 2018, D.E. 68. Plaintiff failed to respond. Additionally, the Court set a telephone conference for March 15, 2018. Plaintiff failed to appear for the call. Moreover, the record reflects that Plaintiff neither contacted Defendants nor the Court to seek an extension of the deadlines by which to produce discovery.

## II. Legal Analysis

### A. Standards for Dismiss under Federal Rule of Civil Procedure 41(b)

Dismissal of a plaintiff's complaint may be appropriate under Federal Rule of Civil Procedure 41(b) "if the plaintiff fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b). In *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863 (3d Cir. 1984), the United States Court of Appeals for the Third Circuit provided the factors that this Court must weigh in determining whether to dismiss a complaint pursuant to Fed. R. Civ. P. 41(b). Specifically, the Court must consider six factors in deciding whether the sanction of dismissal is appropriate: (1) the extent of the party's personal responsibility, (2) prejudice to the adversary, (3) history of dilatoriness, (4) willful or bad faith conduct of an attorney, (5) alternative sanctions, and (6) meritoriousness of the claim or defense. *Poulis*, 747 F.2d at 868; *Emerson v. Thiel College*, 296 F.3d 184, 190 3d Cir. 2002) (applying *Poulis* factors). No single *Poulis* factor is dispositive, and dismissal may be appropriate even if some of the factors are not met. *Hovey v. LaFarge North America Inc.*, Civ. No. 07-2193, 2008 WL 305701, *2 (D.N.J. Jan. 29, 2008) (citing *Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992)). *See also Rosado v. Adams*, Civ. No. 07-1914, 2009 WL 1181217, *1-3 (M.D. Pa. April 30, 2009) (applying *Poulis* analysis

to dismissal for failure to prosecute under Fed. R. Civ. P. 41(b)); *Vrlaku v. Citibank*, Civ. No. 05-1720, 2005 WL 2338852, *2-3 (D.N.J. Sept. 23, 2005) (same, and noting that "[a] Court may raise a motion to dismiss an action under Rule 41 sua sponte under its inherent case management powers."). *See also OPTA Systems, LLC v. Daewoo Electronics America*, 483 F. Supp. 2d 400, 404 (D.N.J. 2007) ("Failure to prosecute does not require that a party take affirmative steps to delay the case. A failure to comply with court orders, failure to respond to discovery or other failure to act is sufficient to constitute lack of prosecution.") (citations omitted). Although not all these factors necessarily apply in every case, the Court is obligated to consider any factors that do apply.

### B. Consideration of the *Poulis* Factors

#### i. The extent of the party's personal responsibility

In the instant case, Plaintiff has failed to respond to the Orders of this Court requiring responses to written discovery. Nor has Plaintiff contacted the Court to explain his failure to comply. As a result, this case has been brought to a virtual standstill with no indication that Plaintiff intends to continue to prosecute his claims. Accordingly, the Undersigned can conclude only that Plaintiff does not intend to further litigate his claims and has willfully chosen to abandon this suit.

The Court recognizes that as a *pro se* litigant, Plaintiff is not represented by counsel and may encounter challenges that a represented party would not face. However, at the same time, Plaintiff cannot contend that his failure to prosecute this matter is the fault of counsel. *See*, *e.g.*, *Clarke v. Nicholson*, 153 Fed. Appx. 69, 73 (3d Cir. 2005), *cert. denied*, 548 U.S. 907 (2006) ("[U]nlike a situation in which a dismissal is predicated upon an attorney's error, the plaintiff here was *pro se* and directly responsible for her actions and inaction in the litigation.").

Moreover, the record reflects that Plaintiff's failure to prosecute is not the result of his inability to comprehend or address a highly complicated or technical legal issue; it is the result of Plaintiff's failure to take basic action necessary to prosecute his claims, such as responding to discovery when directed to do so, responding to Court Orders, or explaining his inability to do so.  In any event, a *pro se* plaintiff is solely responsible for prosecuting his case. *Briscoe v. Klaus*, 538 F.3d 252, 258-59 (3d Cir. 2008) (citations omitted).

Accordingly, the first *Poulis* factor weighs in favor of dismissal.

### ii.     Prejudice to the Adversary

The Court must next consider whether Plaintiff's failure to prosecute this litigation has prejudiced his adversaries.  Prejudice is not limited to irreparable harm, but may include depriving a party of necessary information or the ability to prepare for trial.  *Clarke*, 153 Fed. Appx. at 73 (citing *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222-24 (3d Cir. 2003) (finding that plaintiff's delay and failure to comply with discovery requests prejudiced defendant); *Porten v. Auto Zone*, Civ. No. 10-2629, 2011 WL 2038742, *2 (D.N.J. May 24, 2011) (relying on *Clarke* and *Ware* to find prejudice to defendant and grant dismissal motion where plaintiff apparently abandoned claims).

In this case, Plaintiff's inactivity and failure to comply with the Court's Orders has prejudiced Defendants.  Defendants have been unable to prepare a defense of this matter because Plaintiff has failed to respond to any of Defendants' discovery requests.  In short, Plaintiff's non-responsiveness has stalled Defendants' ability to defend themselves.

Accordingly, this *Poulis* factor favors dismissal of Plaintiff's claims.

### iii. History of Dilatoriness and Bad Faith

The third and fourth *Poulis* factors require the Court to consider the extent and history of Plaintiff's dilatoriness and whether he has acted in bad faith. Since approximately November 2017, Plaintiff has, by all appearances, abandoned prosecution of this matter. Plaintiff has failed to respond to any discovery requests by Defendants after this Court issued the Amended Pretrial Scheduling Order, D.E. 66. Until June 2017, Plaintiff appeared prepared to litigate this matter, even responding to the Court's notices and orders, and opposing Defendants' motion to dismiss. But the record before the Court establishes that for several months, Plaintiff has made no effort to comply with his obligations in prosecuting these claims or to explain to the Court and defense counsel his inability to do so. Plaintiff has not responded to discovery demands made by Defendants, has failed to propound his own discovery demands, has failed to appear for the March 15, 2018 telephone conference, has failed to respond to the January 2, 2018 Order to Show Cause, and has not contacted the Court or defense counsel, explaining his reasons to prosecute this matter. Therefore, the Court must conclude on the record before it that Plaintiff's failure to comply with its Orders was willful and that he has chosen not to pursue his claims. *Porten*, 2011 WL 2038742, *2. Accordingly, these factors favor dismissal of Plaintiff's claims.

### iv. Alternative Sanctions

This factor also favors dismissal, for several reasons. First, Plaintiff's failure to comply with the Court's Orders or explain his inability to do so strongly suggests that Plaintiff has abandoned his claims. *Porten*, 2011 WL 2038742, *3. Second, the United States Court of Appeals for the Third Circuit has recognized that monetary sanctions such as fines, costs, and attorneys' fees may be inappropriate or impractical in certain situations, such as when plaintiff is proceeding *pro se*. *Emerson v. Thiel College*, 296 F.3d 184, 191 (3d Cir. 2002). In this case,

there is no plausible reason to believe that any such fine or attorney's fees would spur Plaintiff to resume actively litigating this case.

### v. Meritoriousness of the Claim or Defense

Finally, the Court must consider the merits of Plaintiff's claims and Defendants' defenses.  However, the Court cannot adequately assess this factor due to Plaintiff's failure to comply with Court orders or provide any responses to discovery requests.  *Porten*, 2011 WL 2038742, *3 (citing *Devito v. C.M.S. Dep't*, Civ. No. 05-3438, 2006 WL 756014, *3 (D.N.J. March 17, 2006)).

### III.   Conclusion

On balance, each of the pertinent *Poulis* factors weighs in favor of dismissal.  Therefore, the Undersigned respectfully recommends that the District Court dismiss Plaintiff's Complaint with prejudice for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

The parties have fourteen days to file and serve objections to this Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 7.1(c)(2).

<u>s/ Michael A. Hammer</u>
**UNITED STATES MAGISTRATE JUDGE**

Date:   March 15, 2018